REC'D BY_____D.C.

DEC 2 2 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

| | |
|---|---|
| 1 | **IN THE UNITED STATES DISTRICT COURT** |
| 2 | **SOUTHERN DISTRICT OF FLORIDA**<br>**FORT PIERCE** |

| | | |
|---|---|---|
| 4 | **BETTY R. SYLVESTRE** | **ORIGINAL VERIFIED COMPLAINT** |
| 5 | 55 FREEDOM DRIVE<br>VERO BEACH, FLORIDA 32966-8772 | **FOR DAMAGES, STATUTORY,**<br>**PUNITIVE, ACTUAL, FEES AND** |
| 6 | | **EXPENSES, COSTS, AND OTHER**<br>**RELATED RELIEF** |
| 7 | **PLAINTIFF / PRO SE** | **JURY TRIAL DEMANDED** |
| 8 | v. | **12 JURORS** |
| 9 | | |
| 10 | **PRO CUSTOM SOLAR, LLC.,** | **CIVIL CASE NO:** |
| 11 | d/b/a/ MOMENTUM SOLAR<br>3096 HAMILTON BLVD | |
| 12 | SOUTH PLAINFIELD, NJ 07080-1201 | **Honorable Judge** |
| 13 | | |
| 14 | **DEFENDANTS / RESPONDANTS** | |

21  **COMES NOW,** the Plaintiff Betty R. Sylvestre complaining of the Defendant(s) and as follows;

22
23  I.                     **ORIGINAL VERIFIED COMPLAINT**

**NATURE OF ACTION**

24
25      1. Plaintiff, Betty R. Sylvestre, individually, hereby sues Defendant(s) Pro Custom Solar, LLC.,

26  *et* al., d/b/a/ ("Momentum Solar") for violations of The Telephone Consumer Protection Act

27  ("TCPA") 47 U.S.C. § 227(c)(5).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.                          INTRODUCTION

2. This is an action for damages and injunctive relief brought by Plaintiff Betty R. Sylvestre

against Defendant(s) Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") for violations of

the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(c)(5).

3. Upon belief and information, Plaintiff contends that many of these practices are widespread

for the Defendant(s). Plaintiff Betty R. Sylvestre intends to propound discovery to Defendant(s)

Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") identifying all telephone numbers

used / number of times called in placing or making telephone calls to consumers like Plaintiff

Betty R. Sylvestre cellular telephone in direct violation of ("TCPA") 47 U.S.C. § 227(c)(5),

("FTC") National Do Not Call Registry.

4. Plaintiff contends that the Defendant(s) have violated such laws by repeatedly harassing

Plaintiff by calling his wireless telephone number ending in 9940 which is registered on the

("FTC") National Do Not Call Registry since 9940 on July 31, 2004. Anyone whose numbers are

registered on the ("DNC") list that has received one to two telemarketing calls within a twelve-

month period can sue for all calls including the first. It does not matter if calls are live, pre-

recorded or robo calls. The ("DNC") provision is a powerful section of the ("TCPA") because it

prohibits calls to both cell phone and residential lines, which are registered on the federal or

company specific do-not call lists. It is not necessary to prove the telemarketer used an ("ATDS")

or used artificial or pre-recorded voice messages. Live calls to numbers registered on the ("DNC")

are prohibited.

## III.                    JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA")

47 U.S.C. §227(3)(C) et seq. Federal Question Jurisdiction 28 U.S.C. § 1331. Supplemental

**ORIGINAL VERIFIED COMPLAINT**

2

jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## IV. **PARTIES**

7. Plaintiff, Betty R. Sylvestre, is a natural person and is a resident Vero Beach, State of Florida in the United States of America.

8. Upon information and belief Defendant(s) located at: 3096 Hamilton Blvd South Plainfield, Nj 07080-1201. Upon information and belief Defendant(s) Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") is one of the leading residential solar contractors in the United States. Recognized by Inc. 500 as one of the fastest-growing private companies, Momentum Solar employs over 2,000 people nationwide. We operate in New Jersey, New York, California, Florida, Texas, Connecticut, Pennsylvania, Arizona, Nevada, and Massachusetts. Momentum Solar is an owner-operated business committed to providing savings for customers while helping the environment by providing clean, affordable electricity.

## V. **LEGAL BASIS FOR THE CLAIMS**

9. The Federal Communications Commission plays a crucial role in helping consumers stop unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC provides clarity on the law, sets rules, takes enforcement actions, and provides resources for consumers. Do-Not-Call Requests

10. To make these calls legally, a company must have the requisite level of prior express consent from the called party, namely:

Express written consent for calls or texts that are made for a marketing or sales purpose (47 C.F.R. § 64.1200(a)(2)).

Express oral or written consent for non telemarketing calls or text messages (47 C.F.R. § 64.1200(a)(1)(iii)).

11. <u>National Do-Not-Call Registry</u>

In 2003, the FCC helped establish the ("NDNCR") in coordination with the Federal Trade Commission. If residential telephone subscribers place their phone numbers on the ("NDNCR") (which can be done by phone or online at donotcall.gov), telemarketers may not call them unless either: There is an EBR with the consumer. The consumer has given express written consent. (47 U.S.C. §§ 227(c) and 64.1200(c)(2), (f)(14).)

12. *"See Attached Exhibit D, D1 – (FCC) Federal Communications Commission (FTC) Federal Trade Commission, ), National Do Not Call Registry , National Do Not Call Registry FAQs* Congress enacted the ("TCPA") in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The ("TCPA") and the Federal Communications Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.

13. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The ("TCPA") grants consumers a private right of action, with a provision for ($500) or the actual

**ORIGINAL VERIFIED COMPLAINT**
4

monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for

each willful or knowing violation, as well as injunctive relief.

14. What's the penalty for companies that illegally call numbers on the Registry?

Companies that illegally call numbers on the National Do Not Call Registry or place an illegal

robocall can currently be fined up to $43,792 per call.

15. Prior express written consent means "an agreement, in writing, bearing the signature of the

person called that clearly authorizes the seller to deliver or cause to be delivered to the person

called advertisements or telemarketing messages using an automatic telephone dialing system or

an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such

advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

16. What do businesses and sellers need to know?

Generally speaking, telemarketers who sell goods and services must download the Registry and

remove numbers listed on the Registry from their calling lists. Businesses and organizations must

register with the FTC before they are allowed to access the Registry. It's illegal for anyone to use

the Registry for any purpose other than preventing telemarketing calls to the telephone numbers on

the Registry. Read the FTC's Q&A for telemarketers and sellers.

17. Furthermore, the ("TCPA") established the National Do-Not-Call List and also mandates all

businesses that place calls for marketing purposes maintain an "internal" do-not-call list

("IDNC"). See 47 C.F.R. § 64.1200(d). The ("IDNC") is "a list of persons who request not to

receive telemarketing calls made by or on behalf of that [seller]." Id. The ("TCPA") prohibits a

company from calling individuals on its ("IDNC") list or on the ("IDNC") list of a seller on whose

behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-

Not-Call Registry. Id. At § 64.1200(d)(3),(6). Any company or someone on the company's behalf,

**ORIGINAL VERIFIED COMPLAINT**
5

who calls a member of the company ("IDNC") is liable to that person under the ("TCPA"). The

called party is then entitled to bring a private action under the ("TCPA") for monetary and

injunctive relief.

18. Enforcement

On the Federal and State levels, the ("TCPA") is enforced by:

The FCC, which may take administrative action, including imposing civil forfeiture penalties (see

47 U.S.C. § 227(e)(5)).

State Attorneys General or other State officials or agencies, which may bring a civil lawsuit in

federal court for injunctive relief and damages in the amount of $500 for each violation, which

may be trebled if the court finds that the defendant acted willfully or knowingly (47 U.S.C. §

227(g)(1), (2)). In addition to regulatory and public enforcement, the TCPA provides a private

right of action, and federal and state courts share concurrent jurisdiction over claims arising under

the TCPA (47 U.S.C. § 227(b)(3); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 752-53

(2012)).

19. A private litigant may seek the following under the TCPA: Injunctive relief. Actual

monetary loss or $500 in statutory damages for each violation, whichever is greater. Up to three

times the actual monetary loss or $1,500 in damages for each willful violation, whichever is

greater.

**VI.**                          **FACTUAL ALLEGATIONS**

20. Defendant(s) Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") violated the

("TCPA") by calling Plaintiff(s) Betty R. Sylvestre wireless telephone used for both personal and

residential (786-XXX-9940), fifty-five (55) times from various telephone numbers with the caller

stated as ("Momentum Solar") *"See Attached - Exhibit - B, Screenshots of Cellular Telephone Call*

*Records* from Defendant(s) Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") *See*

*Attached - Exhibit - C_ Cellular Telephone Call Records Dates/Times of calls* from Defendant(s).

Defendant(s) Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") has demonstrated willful

or knowing noncompliance with 47 U.S.C. § 227(c)(5) by calling Plaintiff(s) Betty R. Sylvestre

wireless telephone used for both personal and residential number (786-XXX-9940), fifty-five (55)

times which is registered on the National Do Not Call Registry ("DNC") since July 31, 2004.

21. Plaintiff number, which is assigned to a cellular telephone service and is charged for monthly

telephone usage and other communication services. These calls caused emotional damage, extra

electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff Betty R.

Sylvestre. The Defendant(s) actions caused lost time, aggravation, nuisance, invasion of privacy

that directly accompanies the receipt of unsolicited and harassing cellular telephone calls and

continued distress.

22. Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") not under any conditions were

ever permitted by text, email or express written consent for any advertisements or promotional

offers. Plaintiff demands strict proof to the contrary of any false and deceptive narrative to date in

which the Defendant has not proffered any material proof. Again, Pro Custom Solar, LLC., *et* al.,

d/b/a/ ("Momentum Solar") never scrubbed Plaintiff wireless telephone against the National Do-

Not-Call List or Registry before placing unwanted telephone telemarketing calls.

23. To make these calls legally, a company must have the requisite level of prior express consent

from the called party, namely:

Express written consent for calls or texts that are made for a marketing or sales purpose (47 C.F.R.

§ 64.1200(a)(2)).

Express oral or written consent for non telemarketing calls or text messages (47 C.F.R. § 64.1200(a)(1)(iii)).

• Use of a version of the national "Do-Not Call" registry obtained no more than three months prior to the date any call is made (with records to document compliance).

• All telemarketers must transmit caller ID information, when available, and must refrain from blocking any such transmission(s) to the consumer. [47 CFR 64.1601(e)]

• Process used to access the national do-not-call database; [47 CFR 64.1200(c)(2)(i)(D)]

• Process to ensure that it does not sell, rent, lease, purchase, or use the do-not-call database in any manner except in compliance with regulations. [47CFR 64.1200(c)(2)(i)]

• All prerecorded messages, whether delivered by automated dialing equipment or not, must identify the name of the entity responsible for initiating the call, along with the telephone number of that entity that can be used during normal business hours to ask not to be called again. [47 CFR 64.1200(b)]

24. Defendant(s) calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i). Congress enacted the ("TCPA") to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Defendant(s) phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy." Defendant(s) phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff rights and interests in Plaintiff cellular telephone. Defendant(s) phone calls harmed Plaintiff by intruding upon Plaintiff seclusion. Defendant(s) harassed Plaintiff

by incessantly calling Plaintiff telephone. Defendant(s) phone calls harmed Plaintiff by depleting the battery life on Plaintiff cellular telephone number used for both personal and residential.

25. *"See Attached - Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff(s) Betty R. Sylvestre confirming cellular telephone registry on the (FTC)(FCC)) National Do Not Call Registry on a number ending in 9940 on July 31, 2004." "See Attached - Exhibit B, - Screenshots of Cellular Telephone Call Records from Defendant(s)* Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") *See Attached - Exhibit - C_ Cellular Telephone Call Records Dates/Times of calls* from Defendant(s) Pro Custom Solar, LLC., et al., d/b/a/ ("Momentum Solar"). *"See Attached - Exhibit D_D1_FTC_National Do Not Call Registry FAQs _FCC_Consumer Information.*

26. Telemarketing Calls to the "Do-Not-Call"…("DNC") Numbers Prohibited – 47 USC 227(c)(5). This section only applies to telephone solicitation calls. Anyone whose numbers are registered on the ("DNC") list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls. The ("DNC") provision is a powerful section of the ("TCPA") because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ("ATDS") or used artificial or pre-recorded voice messages. Live calls to numbers registered on the ("DNC") are prohibited. The best part about ("DNC") violations from the consumer perspective is that the Sixth Circuit Court of Appeals has held that damages under this section may be stacked on top of the ("TCPA") 227(b) section covering "calls to cell phones." This means that the consumer can get up to $3000.00 per call for violations of the cell phone prohibitions and the ("DNC") provisions. Charvat v. NMP, LLC, 656 F. 3d 440 (6th Cir. 2011).

**ORIGINAL VERIFIED COMPLAINT**
9

27. ("TCPA") Damages: According to the ("TCPA"), as codified in 47 U.S.C. § 227, an individual or entity has a private right of action to bring an action based on a violation of a subsection of the Act. (47 U.S.C. § 227(b)(3) (calls to a cell phone / wireless telephone). An individual or entity may bring an action to enjoin such violations, for monetary loss for such violations, for $500.00 for each such violation, whichever is greater, or for both injunction and damages. If the court finds that the defendant willfully or knowingly violated the regulations under the ("TCPA"), the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount of the statutory compensatory damages above.

28. The body of case law addressing the available damages for a Plaintiff(s) suing under a ("TCPA") private right of action reflects the general rule that where the court finds that the defendant caller has violated a subsection of the Act, it will at least award to the Plaintiff(s) $500 per violation as required by the Act. Furthermore, when the facts of the specific case rise to the level of showing a knowing or willful violation of the Act, the court will, in its discretion and within its jurisdiction, also award exemplary or treble damages that may be as much as three times the damages award. In determining willfulness, the court looks at whether the defendant's actions show its knowledge of the facts that constitute the offense (knowing); at the prior interactions between the Plaintiff(s) and the Defendant; and at whether the defendant attempted to stall, evade or avoid its obligations under the ("TCPA").

29. Willful and Knowing: Treble Damages One of the best arguments for trebling damages is the standard set forth in 47 U.S.C. § 312 F, Administrative sanctions, which is part of the same section of the United States Code that the ("TCPA") falls under.

(f) "Willful" and "repeated" defined for purposes of this section:

1   (1) The term "willful", when used with reference to the commission or omission of any act, means

2   the conscious and deliberate commission or omission of such act, irrespective of any intent to

3   violate any provision of this chapter or any rule or regulation of the Commission authorized by

4
    this chapter or by a treaty ratified by the United States.
5
    (2) The term "repeated", when used with reference to the commission or omission of any act,
6

7   means the commission or omission of such act more than once or, if such commission or omission

8   is continuous, for more than one day.

9
        30. Courts may treble the damages award if the court finds that Defendant's violations were
10
    committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the ("TCPA") nor
11
    the ("FCC") regulations define the terms "willfully or knowingly", courts have generally
12

13  interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30,

14  41 n.8 (1983). While the ("TCPA") does not define willful, the Communications Act of 1943, of

15  which the ("TCPA") is a part, defines willful as "the conscious or deliberate commission or

16
    omission of such act, irrespective of any intent to violate any provision, rule or regulation." In
17
    Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2
18

19  (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the ("TCPA"), the term

20  acting "willfully" means that "the defendant acted voluntarily, and under its own free will,

21  regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§

22
    227(b)(3).
23
        31. *Calling a consumer who has asked not to be called potentially exposes a seller and*
24

25  *telemarketer to a civil penalty of $43,280 per illegal call, per violation. Violators will be subject to*

26  *civil penalties of up to of $43,280 per illegal call, per violation as well as injunctive remedies.*

27  *16 C.F.R. § 1.98(d). And, because violations of the Telemarketing Sales Rule ("TSR"), are also*

28

**ORIGINAL VERIFIED COMPLAINT**
11

*violations of the Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC can seek preliminary and permanent injunctive relief, 15 U.S.C. § 53(b), as well as refunds and damages, 15 U.S.C. § 57b(b), to address violations of the Telemarketing Sales Rule ("TSR").*

**VII.**

**COUNT I**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**VIOLATIONS OF 47 U.S.C.§227(c)(5)**
**FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY**

32. Plaintiff alleges and incorporates the information in paragraphs 1 through 32.

33. Defendant(s) has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(c)(5) by calling Plaintiff Betty R. Sylvestre wireless telephone number (786-XXX-9940) that has been placed on the National Do Not Call Registry (DNC) since July 31, 2004. Plaintiff number, which is assigned to a cellular telephone service. Plaintiff Betty R. Sylvestre has never consented in writing to receive telephone calls from the Defendant(s) Pro Custom Solar, LLC., *et al.*, d/b/a/ ("Momentum Solar"). The ("DNC") provision is a powerful section of the ("TCPA") because it prohibits calls to both cell phone and residential lines, which are registered on the Federal or company specific Do-Not Call lists. It is not necessary to prove the telemarketer used an ("ATDS") or used artificial or pre-recorded voice messages. Live calls to numbers registered on the ("DNC") are prohibited.

34. Consent or permission must be evidenced by a registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. Id.

35. A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in violation of the ("TCPA") can sue the violator and seek the same statutory damages available under § 227(b) – the

**ORIGINAL VERIFIED COMPLAINT**
12

greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

36. Each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not Call Registry. The ("TCPA") imposes liability on entities that do not directly place illegal calls. It has long been the law that a seller of goods or services can be liable for ("TCPA") violations even if the seller does not directly place or initiate the calls. As explained by the ("FCC"), the ("TCPA") and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

37. Violation of § 227(c) for calls placed to numbers listed on the ("FCC") - National Do Not Call Registry, each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the ("FTC") ("FCC") - National Do Not Call Registry.

38. Defendant(s) has committed "numerous" or "20" separate violations of 47 U.S.C. § 227(c) and Plaintiff(s) is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47 U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-38 constitute willful or knowing violations of section 47 U.S.C. § 227(c)(5).

39. The frequency of these unauthorized wireless telephone calls have facial plausibility that Plaintiff Betty R. Sylvestre has plead as factual content that will allow the court to draw the reasonable inference that the Defendant(s) Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") is liable for their *illegal / unlawful* behavior and conduct. Assuming the truth of Plaintiff

factual allegations, the Court will find all claims to be facially plausible.

**IV.** **PRAYER FOR RELIEF**

40. **WHEREFORE,** Plaintiff Betty R. Sylvestre demands judgment for monetary damages against the Defendant(s) Pro Custom Solar, LLC., *et* al., d/b/a/ ("Momentum Solar") for eighty-three thousand dollars for actual or statutory damages, punitive damages, attorney's fees and costs and further relief as the Court deems just and proper.

**X.** **DEMAND FOR JURY TRIAL**

41. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 16th day of December 2021.

**XI.** **VERIFICATION OF COMPLAINT AND CERTIFICATION**
**(SOUTHERN DISTRICT OF FLORIDA) (FORT PIERCE)**

Plaintiff, Betty R. Sylvestre, states as follows:

I am the Plaintiff in this Federal Civil proceeding.

I believe that this Original Verified Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law. I believe that this Original Verified Complaint is not interposed for any improper purpose, such as to harass any Defendant(s) cause unnecessary delay to any Defendant(s) or create a needless increase in the cost of litigation to any Defendant(s), named in the Original Verified Complaint. I have filed this Original Verified Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided which has been attached to this Original Verified Complaint is a true and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff Betty R. Sylvestre where appropriate, I have not altered, changed, modified, or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Betty R. Sylvestre, hereby declare (or certify, verify or state)

**ORIGINAL VERIFIED COMPLAINT**
14

1  under penalty of perjury that under the laws of the United States of America that the

2  foregoing is true and correct. Executed on December 16th, 2021.

3

4

5                                       *Betty Renee Sylvestre*
                                       Betty Renee Sylvestre

6  Date: <u>December 16th, 2021</u>              Plaintiff, In Propria Persona
                                         ALL RIGHTS RESERVED

7  BETTY R. SYLVESTRE
    55 FREEDOM DRIVE

8  VERO BEACH, FLORIDA 32966-8772

9  **XII.**                     **CERTIFICATE OF SERVICE**

10

11  I hereby certify that on this 16th day of December 2021, I filed the foregoing overnight mailed by

12  (USPS) United States Postal Service or (UPS) United Parcel Service delivered to

13  The Southern District of Florida, Clerk of Court, the CM/ECF System which will then send a

14  notification of such filing. I further state under oath that I caused the forgoing, to be served on the

15  parties listed below by service of process, United States Marshall Service, United States Postal

16  Services, Fed Ex, United Parcel Service, Certified Mail or Priority Mail, postage prepaid as a

17  courtesy, on the following: I further state under oath that I caused the forgoing, to be served on the

18

19  parties listed below by United States Postal Service postage prepaid as a courtesy, on the

20  following:

21  I certify that a copy of the Original Verified Complaint will be served upon the Defendant(s)

22  registered agent, below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

23

24  **PRO CUSTOM SOLAR, LLC.,**
    d/b/a/ MOMENTUM SOLAR

25  3096 HAMILTON BLVD
    SOUTH PLAINFIELD, NJ 07080-1201

26

27

28

**ORIGINAL VERIFIED COMPLAINT**
15

1    Defendant **PRO CUSTOM SOLAR, LLC.,**
d/b/a/ MOMENTUM SOLAR

2    represented by;

3

Michael J. Marotte Esq.

4    Thomas J. Cotton Esq.
SCHENCK, PRICE, SMITH & KING, LLP

5    220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-631-7848 C: 201-919-3608   F: 973-540-7300

6    MJM@spsk.com

7    *tjc@spsk.com*            *Attorneys for Defendants PRO CUSTOM SOLAR, LLC.,*

8

9    **BETTY R. SYLVESTRE**
55 FREEDOM DRIVE

10   VERO BEACH, FLORIDA 32966-8772

11                            *Plaintiff*

*Betty Renee Sylvestre*

12   Date: <u>December 16th, 2021</u>               /Betty Renee Sylvestre
                                        Plaintiff, In Propria Persona

13                                      ALL RIGHTS RESERVED

14

15

16

17

18

19

20            .

21

22

23

24

25

26

27

28

**ORIGINAL VERIFIED COMPLAINT**
16




# LAT RATE ENVELOPE

## E RATE ■ ANY WEIGHT

ected delivery date specified for domestic use.

st *domestic shipments* include up to $50 of urance (restrictions apply).*

PS Tracking® included for domestic and many rnational destinations.

ited international insurance.**

en used internationally, a customs declaration m is required.

ance does not cover certain items. For details regarding claims sions see the Domestic Mail Manual at http://pe.usps.com. e International Mail Manual at http://pe.usps.com for availability and tions of coverage.

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PS00001000016

Padded Flat Rate Envelope
EP14PE February 2020
ID: 9.5 x 12.5





| US POSTAGE & FEES PAID | 062S0009657724 |
| PRIORITY MAIL EXPRESS | 10135955 |
| ZONE 2 FLAT RATE PADDED ENVELOPE | FROM 32966 |
| ComPlsPrice | |

stamps
endicia
12/16/2021

## PRIORITY MAIL EXPRESS 1-DAY™

BETTY RENEE SYLVESTRE          **0006**
55 FREEDOM DRIVE          (202) 706-8063
VERO BEACH FL 32966

SIGNATURE REQUIRED

C007

SHIP
TO:   Clerk of Court
      Alto Lee Adams, Sr. U.S. Courthouse
      101 South U.S. Highway 1 Room #1016
      Ft. Pierce FL 34950-4209

### USPS SIGNATURE TRACKING #



9481 7116 9900 0521 5287 83

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14PE © U.S. Postal Service; February 2020; All rights reserved.







For Domestic and International Use     Label 127R, May 2014

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

